# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>DUVALL S SCHOOL OF COSMETOLOGY, L.L.C.; MICHELLE DUVALL, individually; DAWN CALLAWAY, individually; STACY MORGAN, individually; DRKM STRATEGIES LLC; and MONTE RAMEY, individually,<br><br>    Defendants. | Case No. 3:24-cv-2246<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff TAMARA WAREKA p/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendants, Duvall S School of Cosmetology, L.L.C.; Michelle Duvall, individually; Dawn Callaway, individually; Stacy Morgan, individually; DRKM Strategies LLC; and Monte Ramey, individually and alleges as follows:

## NATURE OF THE ACTION

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2.  Tamara Williams ("Williams") is an individual and professional photographer.

/ / /

3. Upon information and belief, Defendant Duvall S School of Cosmetology, L.L.C. ("Duvall's School") is a professional limited liability company duly organized and existing under the laws of the State of Texas. Defendant Duvall's School is or has operated a business location at 201 Harwood Road, Suite, 218, Bedford, Texas 76021.

4. Upon information and belief, Defendant Michelle Duvall ("Duvall") is an individual residing and/or transacting business in the State of Texas and is the principal officer, owner, or member of Defendant Duvall's School.

5. Upon information and belief, Defendant Dawn Callaway ("Callaway") is an individual residing and/or transacting business in the State of Texas and is the principal officer, owner, or member of Defendant Duvall's School.

6. Upon information and belief, Defendant Stacy Morgan ("Morgan") is an individual residing and/or transacting business in the State of Texas and is the principal officer, owner, or member of Defendant Duvall's School.

7. Upon information and belief, Defendant DRKM Strategies LLC ("DRKM Strategies") is a professional limited liability company duly organized and existing under the laws of the State of Texas. Defendant DRKM Strategies is or has operated a business location at 3112 Steve Drive, Hurst, Texas 76054.

8. Upon information and belief, Defendant Monte Ramey ("Ramey") is an individual residing and/or transacting business in the State of Texas and is the principal officer, owner, or member of Defendant DRKM Strategies.

9. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

/ / /

/ / /

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

11. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of Texas and/or Defendants transact business in the State of Texas.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

13. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram Page @tamarawilliams, which has amassed over 630,000 followers.

14. Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

15. Williams licenses her work for a fee.

16. Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work

is intended to deter would-be infringers from copying and profiting from her work without permission.

17. Williams is the sole author and exclusive rights-holder to a photograph of a beauty portraiture of a model showing the model's face and neck with the model's hands coupled together and pressed against the bottom of her neck ("Williams Photograph").

18. Attached as Exhibit A is a true and correct copy of the Williams Photograph.

19. Williams registered the Williams Photograph with the United States Copyright Office with File Name TRU1843407 under Registration Number VA 2-114-445 with an Effective Date of Registration of August 2, 2018.

20. Attached hereto as Exhibit B is a true and correct copy Registration No. 2-114-445.

### *Defendants Duvall S School of Cosmetology, L.L.C.; Michelle Duvall; Dawn Callaway; and Stacy Morgan*

21. Upon information and belief, Defendant Duvall's School is a business that provides its students with a cosmetology education through a combination of classroom and hands-on training.

22. At all relevant times, Defendant Duvall, Defendant Callaway, and Defendant Morgan were the principal officers, owners, or members of Defendant Duvall's School.

23. Upon information and belief, Defendant Duvall's School, Defendant Duvall, Defendant, Callaway, and/or Defendant Morgan control and manage the website https://duvallschool.com/ (Duvall's School Website).

24. Defendant Duvall's School, Defendant Duvall, Defendant, Callaway, and Defendant Morgan generate content on the Duvall's School Website for commercial purposes to attract user traffic to Duvall's School, to market and

promote Duvall's School's services, and to increase the customer base and revenue for Duvall's School.

25. At all relevant times, the Duvall's School Website was readily accessible to the general public throughout Texas, the United States, and the world.

26. At all relevant times, Defendant Duvall's School, Defendant Duvall, Defendant Callaway, and Defendant Morgan had the ability to supervise and control all content on the Duvall's School Website.

27. At all relevant times, Defendant Duvall's School, Defendant Duvall, Defendant Callaway, and Defendant Morgan had a direct financial interest in the content and activities on the Duvall's School Website (including the activities alleged in this Complaint).

28. At all relevant times, Defendant Duvall's School, Defendant Duvall, Defendant Callaway, and Defendant Morgan were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

### *Defendants DRKM Strategies LLC and Monte Ramey*

29. Defendant DRKM Strategies is a digital marketing business that provides web design and internet marketing services.

30. At all relevant times, Defendant Ramey was the principal officer, owner, or member of Defendant DRKM Strategies.

### *Defendants Willful, Unauthorized Use of the Williams Photograph*

31. On or about February 19, 2024, Williams discovered her Williams Photograph being used by Defendant Duvall's School on the Fall 2020 Make Up Trends webpage on the Duvall's School Website to promote "Floating Liner" and learning more about "becoming a Duvall Student." ("Webpage Post").

32. Attached hereto as Exhibit C is a true is a correct screenshot of the Williams Photograph as used on the Duvall's School Website in the Webpage Post.

33. Williams did not provide Defendant Duvall School, Defendant Duvall, Defendant Callaway, Defendant Morgan, Defendant DRKM Strategies, or Defendant Ramey with consent, authorization, or a license to use, reproduce, or publicly display the Williams Photograph on the Duvall's School Website or to distribute the Williams Photograph in any manner.

34. After discovering the unauthorized use of the Williams Photograph, Williams, through her counsel, sent cease and desist correspondence and a demand for damages to Defendant Duvall's School.

35. Defendant Ramey contacted Williams' counsel and indicated the Williams Photograph was originally taken from Unsplash.com's free photo section.

36. Williams has never caused any of her photographs to be knowingly uploaded to www.unsplash.com.

37. Williams' counsel provided information to Defendant DRKM Strategies, Defendant Ramey, and Defendant Duvall's School demonstrating Williams' ownership of the Williams Photograph and that the Williams Photograph was registered with the United States Copyright Office.

38. Defendant Duvall's School and Defendant DRKM Strategies removed the Williams Photograph from the Duvall's School Website.

39. However, despite providing ownership and registration information for the Williams Photograph, Defendant Duvall's School, Defendant DRKM Strategies, and Defendant Ramey ultimately ceased communications with Williams' counsel, and Williams was unable to address the matter as to damages for the unauthorized reproduction, public display, and distribution of the Williams Photograph.

/ / /

/ / /

40. The purpose of the use of the Williams Photograph was to incorporate a high-quality, professionally produced photograph on the Duvall's School Website congruent with Defendant Duvall's School, Defendant Duvall, Defendant Callaway, and Defendant Morgan's goal to market Duvall's School using professionally prepared pictorial content to complement the textual content and ensure a professional overall look for Duvall's School's marketing campaign.

41. The purpose of the use of the Williams Photograph on the Webpage Post in conjunction with text that reads "Depending mainly on skill and application," was to promote Defendant Duvall's School's cosmetology services by providing a high-quality, professionally-produced photograph of a model's upper neck and face with a fresh, dewy look and lightly-applied makeup to inspire and assist the viewer in visualizing the trendy type of make-up application Duvall's School teaches and what the viewer could learn and accomplish as student at Duvall's School.

42. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Williams Photograph, distributed it, and caused it to be uploaded to and displayed on the Duvall's School Website.

43. Defendant Duvall's School, Defendant Duvall, Defendant, Callaway, and Defendant Morgan (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Williams's original and unique Williams Photograph in order to acquire a direct financial benefit, through revenue from the sales of Duvall's School's services, from the use of the Williams Photograph on the Duvall's School Website.

44. Defendants willfully infringed upon Plaintiff's rights in her copyrighted Williams Photographs in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew or should have known, they did not have a legitimate license to use the Williams Photograph.

45. In addition, Defendants' conduct is willful because they removed the Williams Photograph from the Duvall's School Website, after being sent cease and desist correspondence and evidence that Williams was the copyright owner of the Williams Photograph, but ceased communications to further address lost licensing fees with Plaintiff as a result of the unauthorized use of the Williams Photograph

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff owns a valid copyright in the Williams Photograph.

48. Williams registered the Williams Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

49. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and distributed and displayed William's unique and original Williams Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

50. Plaintiffs are informed and believe and thereon allege that Defendants willfully infringed upon Plaintiff's rights in her copyrighted Williams Photographs in violation of Title 17 of the U.S. Code.

51. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

52. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Williams' election, statutory damages for the infringement pursuant to 17 U.S.C. § 504(c).

/ / /

53. As a result of Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

54. Williams is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

55. Plaintiff, Tamara Wareka p/k/a Tamara Williams, hereby demands a trial by jury in the above-matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Williams Photograph by copying, displaying, and distributing it without a license or consent;

- For a finding that Defendants' conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all of Williams' copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: September 3, 2024                              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Texas Bar No. 24076924
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Suite 200
N. Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law

*Attorney for Plaintiff*

**/s/ Steven E. Ross**
Steven E. Ross
Texas Bar No. 17305500
**MAXUS Legal PLLC**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
Phone: 972-661-9400
Facsimile: 972-661-9401
Email: sross@rossipg.com

**LOCAL COUNSEL FOR PLAINTIFF TAMARA WILLIAMS**